UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA

TALLAHASSEE DIVISION

**J.L.,**
    **Plaintiff,**

    v.                                                          **CASE NO.:**

**PAMELA STEWART, in her capacity as FLORIDA**
    **COMMISSIONER of EDUCATION; and GED TESTING SERVICE, LLC,**

    **Defendants.**

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

      Plaintiff registered to take the GED exam in August 2011, and again in June 2013, and requested a reasonable accommodation in the manner in which the GED is administered: extra time on all reading portions of the exam.  This accommodation was, and is, necessary to ensure that the GED is accessible to the Plaintiff who has a learning disability.  In her requests for accommodation, Plaintiff fully complied with GED policy, including provision of a psychologist's documentation of her need for accommodation.  Defendants denied this reasonable accommodation in direct contravention of the established diagnostic criteria in this field.  The unwillingness of the Defendants to allow this accommodation is a violation of both the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (504).

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  Plaintiff's federal claims are made pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et. seq.
2. Appropriate declaratory relief is authorized pursuant to 28 U.S.C. §§ 2201 and 2202; 29 U.S.C. § 794.
3. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) in that the acts of discrimination complained of occurred in this District.
4. Monetary damages alone are inadequate, and Plaintiff has been suffering and will continue to suffer irreparable harm from Defendants' actions, policies, and procedures, and from the

   violations of the laws complained of herein; accordingly, declaratory and injunctive relief is necessary and appropriate.

5. All of the defendants and their agents and employees act under color of state law.

## PARTIES

6. Plaintiff is an individual residing in Jacksonville, Florida. Plaintiff has a diagnosed learning disability and has made two requests for accommodation on the GED.

7. Defendant, Pamela Stewart is the Commissioner of the Florida Department of Education (FDOE) and is being sued in her official capacity. FDOE is the chief educational entity in the state of Florida and is responsible for the creation of opportunities for completion of the GED. See Fla. Stat. § 1004.93.

8. FDOE contracts out much of the responsibility for administering the GED to a contractor, GED Testing Service, LLC.

9. Plaintiff graduated from Terry Parker High School in Jacksonville, Florida in June 2009 with a special diploma. Plaintiff had attended special education classes throughout most of her tenure in elementary and high school and received specific accommodations because of her documented learning disabilities.

10. As set forth in the affidavit of Patrick Hughes, Psy.D., [Exhibit 1], Plaintiff has a specific learning disability, which specifically affects her reading ability.

11. Following her graduation from high school, because Plaintiff is well aware that her future professional career requires the foundation of a GED[1] , Plaintiff began preparing to take the GED, going as far as to take a GED preparation course.

**Requests to Defendants for GED Special Testing Conditions**
**First Request - July 2011**

12. On July 11, 2011, Plaintiff submitted a request for special testing conditions pursuant to

---

[1] GED is a trademarked acronym used for the General Educational Development Tests, a battery of examinations administered by states and jurisdictions to measure the skills and knowledge similar to a high school course of study. [http://www.gedtestingservice.com/testers/faqs-test-taker#GED_stand_for - 2013]

   the GED Accommodations Request procedures.
13. Plaintiff provided documentation of disability in the form of an evaluation from Dr. Balente, dated July 9, 2008.
14. Dr. Balente's evaluation found that Plaintiff had a disability as that term is defined within the ADA and its implementing regulations., and he recommended that Plaintiff be given extra time as an accommodation on the GED exam.
15. On August 26th, 2011, Defendants issued a notice denying JL.'s request for accommodations. Defendants denied the request based on the lack of a significant discrepancy between her achievement and intelligence scores. [Exhibit 2]
16. Plaintiff took the GED on December 9, 2011 without the requested accommodations and succeeded in passing the Language Arts/Writing section, but failed the Social Studies, Reading, Mathematics and Science portions.

**Second Request – June, 2013**

17. On May 27, 2013, Dr. Patrick Hughes, Ed.S., conducted a psychological evaluation of J.L., assessing her specific disabilities as well as what, if any, accommodations could be provided to ensure that her GED test would measure her knowledge and skills and not her disability.
18. Dr. Hughes' evaluation included a review of J.L.'s educational history, evaluations, assessments and reports, and he administered several nationally accredited standardized tests. This comprehensive evaluation [Exhibit 3], ended with Dr. Hughes' conclusion that Plaintiff "presents as a student with a specific learning disability in reading."
19. In his conclusion to this evaluation, Dr. Hughes specifically requested that Plaintiff be given extra time for the reading portion of any exam. As a person with a disability, this accommodation was necessary to ensure Plaintiff a fair and equal opportunity to perform on the Florida 2013 GED.
20. According to Dr. Hughes, without this accommodation of extra time,, Plaintiff would not be afforded an equal opportunity to demonstrate her knowledge and ability; instead the test would be measuring her disability.
21. On June 26, 2013, Plaintiff submitted her application for the GED, including her request for accommodations and all documentation for that accommodation request as required

by GED.

22. In a notice letter dated August 21, 2013, Defendants notified Plaintiff her request for an accommodation was denied. [Exhibit 4] Plaintiff was specifically denied the accommodation for extra time because:

> According to a 2008 report, the candidate's WAIS-111 scores were all consistent with borderline intellectual functioning. Interestingly, the examiner then diagnosed her with reading and math disabilities despite the fact that her achievement scores were commensurate with her intellect and her overall history.
>
> In her most recent evaluation (May 25, 2013), the candidate's WAIS-IV IQ scores seemed substantially higher than any prior testing. Her achievement test scores were highly consistent with all **her** prior testing and do not appear discrepant from her intellectual scores. There is no significant difference between her performance on measures of intellectual functioning and academic achievement.

## **CLAIMS FOR RELIEF**

### **COUNT I: DISCRIMINATION BASED ON VIOLATION OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C.A. § 12132 [ADA § 202]**

23. Plaintiff incorporates and re-alleges paragraphs 1-22, as if fully set forth herein.
24. This count is brought pursuant to Americans with Disabilities Act (ADA). 42 U.S.C. §12131 et seq., and Section 504. At all times relevant to this action, Defendants have acted under color of state law.
25. The ADA, 42 U.S.C.A. § 12132, prohibits public entities, such as the Defendants, from discriminating against a qualified individual with a disability in the provision of services, programs, or activities. In addition, § 12132 [ADA § 202] prevents a public entity from excluding a person with a disability from participation in or receipt of the benefit of its services, programs, or activities. The Americans with Disabilities Act's implementing regulations further provide that "a public entity may not, directly or through contractual or other arrangements, utilize criteria or other methods of administration: (i) that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability; [or] (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the entity's program with respect to individuals with disabilities..." 28 C.F. R. §35.130(b)(3).

4

26. Plaintiff is a qualified individual with a disability because she has an impairment—a learning disability that substantially limits two of her major life functions: learning and working.
27. Plaintiff has met the essential eligibility requirements to take the GED in Florida.
28. Plaintiff requires the reasonable accommodation set forth in Dr. Patrick Hughes' May 27, 2013 evaluation and in his November 7, 2013 affidavit to allow her to have an equal chance of passing the GED.
29. Despite Plaintiff's request for accommodations based on her disability, the Defendants have refused to grant the accommodation necessary to ensure that the GED is administered in a manner accessible to a person with learning disabilities.
30. Accordingly, the Defendants have discriminated against Plaintiff, by excluding her from participation and denying her the benefits of the GED. This discrimination and denial of benefits is solely attributable to Plaintiff's disability. By refusing to provide the requested accommodations, the Defendants have violated 42 U.S.C.A. § 12132 [ADA § 202].
31. The Defendants' violation of the ADA has caused immediate and irreparable injury to Plaintiff, including jeopardizing her ability to take the GED in a fair and reasonable manner and to provide her with the same opportunity to pass the GED as is provided to individuals who are not disabled.
32. The Defendants' violation also has damaged Plaintiff's access to an equal opportunity for passing the current GED exam. She already has successfully passed one portion of it and, if she is permitted to take the remainder of the current GED with appropriate accommodations before the end of 2013, she has a fair chance of passing the remaining sections. Because the GED exam will be a completely new exam beginning in January 1, 2014, and will address topics that were not covered when Plaintiff was in high school and in GED preparatory courses, and because she will have to begin over and take the entire exam again, including the section she already has passed in the current exam, Plaintiff will suffer irreparable harm if she is not permitted to take the exam with accommodations before the end of this year.

## COUNT II: DISCRIMINATION BASED ON VIOLATION OF
## SECTION 504 OF THE REHABILITATION ACT
## 29 U.S.C. § 794 et. seq.

33. Plaintiff adopts and re-alleges the allegations contained in the preceding Paragraphs 1-22 as if fully stated herein.
34. Plaintiff brings this claim against Defendant based upon the Rehabilitation Act, 29 U.S.C. §794, *et. seq*. and its implementing regulations at 34 C.F.R. Part 104.
35. The Rehabilitation Act provides that: No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. 29 U.S.C.A. § 794.
36. Defendant is a covered program or activity for purposes of §504 as a Department of the state of Florida that receives Federal funds and also distributes such funds to local school districts and other entities. 29 U.S.C.A. § 794(b)(1)(A) & (B).
37. As set forth herein, Defendant has violated the Rehabilitation Act by refusing to, "make such modifications to its academic requirements as are necessary to ensure that such requirements do not discriminate or have the effect of discriminating, on the basis of handicap, against a qualified handicapped applicant or student…" 45 C.F.R. § 84.44

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests this Court to enter judgment on her behalf as follows:

1. Issue a declaratory judgment and a preliminary and permanent injunction to immediately enjoin Defendants to extend to Plaintiff the accommodations recommended in her May 2013 evaluation in the manner of taking the November or December, 2013 Florida GED and any future GEDs;
2. Preliminarily and permanently enjoin Defendants to submit plans to the Court for implementation of the aforesaid;
3. Award Plaintiff the costs of bringing this action and reasonable attorneys' fees;
4. Retain Jurisdiction over this action to ensure Defendants' compliance with the mandates of the ADA and Section 504 of the Rehabilitation Act; and
5. Grant Plaintiff such other relief as the Court may deem appropriate.

**Submitted,** this 12th day of November, 2013.

                                                                DISABILITY RIGHTS FLORIDA

_/s_____
Molly Paris
Florida Bar No. 90486
MollyP@DisabilityRightsFlorida.org
1930 Harrison Street, Suite 104
Hollywood, Florida 33020-7050
Phone: (850) 488-9071
Fax: (850) 488-8640

_/s_____
David A. Boyer
Florida Bar No. 90917
*DavidB@DisabilityRightsFlorida.org*
1930 Harrison Street, Suite 104
Hollywood, Florida 33020-7050
Phone: (850) 488-9071
Fax: (850) 488-8640

_/s_____
Phoebe Ball
Florida Bar No. 0043235
*Phoebeb@DisabilityRightsFlorida.org*
2728 Centerview Drive, Suite 102
Tallahassee, Florida 32301
Phone: (850) 488-9071
Fax: (850) 488-8640

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was furnished by USPS and CM/ECF to all Parties this 12th day of November, 2013.

/S/_____
Molly J. Paris
Florida Bar #90486
Disability Rights Florida
mollyp@disabilityrightsflorida.org
1930 Harrison St., Ste 104
Hollywood, FL 33020
Tel: 850-488-9071
Fax: 850-342-0823